# EXHIBIT A

Received County of Berks Prothonotary's Office on 11/10/2021 3:18 PM Prothonotary Docket No. 21-13011

| | |
|---|---|
| **WEINSTEIN LAW FIRM, LLC**<br>By:  Marc E. Weinstein, Esquire<br>500 Office Center Drive, Suite 400<br>Fort Washington, PA 19034<br>267.513.1942 tel<br>Attorney for Plaintiff | To:  Counsel for Defendants<br>You are hereby notified to file a written response to the enclosed Complaint within twenty (20) days from the date of service or a judgment may be entered against you. |

## IN THE COURT OF COMMON PLEAS OF BERKS COUNTY

| | | |
|---|---|---|
| **A. ELIZABETH KRAFT** | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | No.   21-13011 |
| v. | : | |
| | : | |
| **CITY OF READING** | : | |
| and | : | |
| **MAYOR EDDIE MORAN** | : | JURY TRIAL DEMANDED |
| (in his individual capacity only) | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff A. Elizabeth Kraft hereby complains as follows against Defendants City of Reading and Mayor Eddie Moran (in his individual capacity only):

### I.     INTRODUCTION

1.     When City of Reading Mayor Eddie Moran was inaugurated in January 2020, he promised the city's residents that "integrity" would be one of the "pillars" of his Administration.[1]  Given the behavior Moran subsequently directed toward City Solicitor A. Elizabeth Kraft, that "pillar" has yet to be set.  Because Moran sexually harassed and

---

[1] See https://www.wfmz.com/news/area/berks/new-mayor-calls-on-residents-to-help-make-reading-better/article_e773ab2c-306f-11ea-b062-934b3d5e083a.html (last visited 11/9/21)

Received County of Berks Prothonotary's Office on 11/10/2021 3:18 PM Prothonotary Docket No. 21-13011

propositioned Plaintiff thereafter, and because he took exception when she refused his advances, Plaintiff files the instant action pursuant to 42 U.S.C. § 1983 ("Section 1983"), Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et seq.) ("Title VII"). And because Moran also took exception to Plaintiff's efforts to protect the citizenry from wrongdoing and waste, she also brings a claim under the Pennsylvania Whistleblower Law, 43 P.S. § 1421 et seq. ("PWL").

## II. PARTIES

2. Plaintiff is an adult female and citizen of the United States. She resides in Berks County, Pennsylvania.

3. Defendant City of Reading ("City") is the county seat of Berks County. With a population of 95,112 as of the 2020 census, it is the fourth most populated city in the Commonwealth.

4. Defendant Eddie Moran ("Moran"), at all relevant times, has been the Mayor of the City of Reading. He was elected in 2019 and his term began in January 2020.

## III. FACTUAL BACKGROUND

5. Plaintiff is an attorney licensed in the Commonwealth of Pennsylvania.

6. In 2018 Plaintiff was hired as an assistant city solicitor for Defendant.

7. On May 11, 2020, Plaintiff was unanimously confirmed as City Solicitor for the City by the Reading City Council upon appointment by Moran, pursuant to Article VIII, Section

2

Received County of Berks Prothonotary's Office on 11/10/2021 3:18 PM Prothonotary Docket No. 21-13011

801 of the City's Charter, as amended.

8. On February 23, 2021, Plaintiff was notified she was being removed from her position immediately at the direction of Moran. She was given no advance warning or explanation.

9. When Plaintiff explained that firing her required an act of City Council, she was threatened with arrest for trespassing.

10. Plaintiff was then banished from the City Solicitor's office and blocked from performing her duties ever since. She was effectively fired.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FOURTEENTH AMENDMENT
## TO THE UNITED STATES CONSTITUTION
## (against Moran in his individual capacity)

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Moran's purging of Plaintiff came after he had made regular and repeated entreaties of a sexual nature to her, all which Plaintiff declined.

13. Moran regularly remarked on Plaintiff's clothing and appearance, often in front of other staff members and department heads.

14. Moran insisted that Plaintiff smile when around him, and encouraged his staff to make the same demands upon her.

15. In one particularly degrading incident, in a meeting among Plaintiff, Moran and Managing Director Abe Amoros, Moran concluded the meeting by insisting that Plaintiff remove her mask so that Moran could see Plaintiff was smiling.

3

Received County of Berks Prothonotary's Office on 11/10/2021 3:18 PM Prothonotary Docket No. 21-13011

16. Moran told Plaintiff she was beautiful. He requested hugs from her.

17. Moran asked Plaintiff out on a date right after telling her - allegedly in jest - that she was fired.

18. Moran invited Plaintiff to go to Puerto Rico with him, specifically adding that his wife would not be on the trip.

19. Moran invited Plaintiff to his home when his wife was in Puerto Rico.

20. Plaintiff declined all his overtures and was steadily ostracized thereafter, culminating in her removal.

21. Moran's actions constitute unlawful sex discrimination and retaliation.

22. As the Mayor of the City of Reading all of Moran's actions as taken toward Plaintiff were taken under color of state law.

23. Plaintiff's right to Equal Protection as guaranteed by the Fourteenth Amendment to the United States Constitution includes the right to be free from state-created sex discrimination and retaliation.

24. In particular, by subjecting Plaintiff to <u>disparate treatment</u> on account of her sex, a <u>hostile work environment</u> on account of her sex, <u>quid pro quo sexual harassment</u> and <u>retaliation</u>, Moran violated Plaintiff's right to Equal Protection as guaranteed by the Fourteenth Amendment to the U.S. Constitution.

25. Plaintiff is entitled to seek redress for the harms caused by the Moran's violation of her Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983.

4

26. Section 1983 provides, in relevant part:

> Every Person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.

27. Because Moran violated a right secured by the Constitution or laws of the United States, and acted under color of state law in so doing so, Plaintiff is entitled to judgment against the City under Section 1983.

28. As a result of this Fourteenth Amendment violation, Plaintiff suffered damages including, but not limited to, denial of employment, harm to reputation, lost wages, lost fringe benefits, lost seniority, emotional pain and suffering, and loss of enjoyment of life.

29. Moran's actions as complained of above were willful, wanton, malicious, and/or were made in reckless disregard of Plaintiff's civil rights.

### SECOND CAUSE OF ACTION
### VIOLATION OF TITLE VII - SEX DISCRIMINATION
### (against the City of Reading only)

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Plaintiff has exhausted the procedural and administrative requirements to initiate claims under Title VII. In particular:

    a. On or about May 10, 2021, Plaintiff filed her Charge of Discrimination with

Received County of Berks Prothonotary's Office on 11/10/2021 3:18 PM Prothonotary Docket No. 21-13011

the Philadelphia Office of the U.S. Equal Employment Opportunity Commission ("EEOC") where it was assigned Charge No. 530-2021-02381;

b. On or about November 9, 2021 the EEOC mailed a Notice of Right to Sue to Plaintiff on the aforesaid Charge;

c. The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice.

32. At all times relevant herein, the City acted through its several agents, servants, and employees (including but not limited to those named elsewhere in this Complaint), each of whom acted in the course and scope of their employment for the City at all times relevant herein. The City is therefore fully responsible for the illegal acts and omissions of the aforesaid employees pursuant to the principle of *respondeat superior*.

33. In the manner set forth above and in violation of Title VII, the City has engaged in knowing, purposeful and unlawful sex discrimination.

34. As a result of the <u>disparate treatment</u> on account of her sex, a <u>hostile work environment</u> on account of her sex, and <u>quid pro quo sexual harassment</u> inflicted by the City, Plaintiff suffered damages including but not limited to denial of employment, lost wages, lost benefits, lost promotions, lost training, and lost experience.

35. As a result of the <u>disparate treatment</u> on account of her sex, a <u>hostile work environment</u> on account of her sex, and <u>quid pro quo sexual harassment</u> inflicted by the City, Plaintiff has suffered emotional pain, anguish and suffering, humiliation, inconvenience, loss

Received County of Berks Prothonotary's Office on 11/10/2021 3:18 PM Prothonotary Docket No. 21-13011

of enjoyment of life, and other non-pecuniary losses.

### THIRD CAUSE OF ACTION
### VIOLATION OF TITLE VII - RETALIATION
### (against the City of Reading only)

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. In the manner set forth above and in violation of Title VII, the City has engaged in knowing, purposeful and unlawful retaliation.

38. As a result of the unlawful retaliation inflicted by the City, Plaintiff suffered damages including but not limited to denial of employment, lost wages, lost benefits, lost promotions, lost training, and lost experience.

39. As a result of the unlawful retaliation inflicted by the City, Plaintiff has suffered emotional pain, anguish and suffering, humiliation, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF THE PENNSYLVANIA WHISTLEBLOWER LAW
### (against the City of Reading only)

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. The PWL provides in pertinent part:

> [n]o employer may discharge, threaten or otherwise discriminate or retaliate against an employee . . . because the employee . . . makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste.
>
> 43 P.S. § 1423(a).

Received County of Berks Prothonotary's Office on 11/10/2021 3:18 PM Prothonotary Docket No. 21-13011

42. Plaintiff, during the course of her employment, engaged in protected activity under the PWL.

43. The City's actions against her came on the heels of Plaintiff's protected activity.

44. The City's actions as outlined were taken against Plaintiff because of her protected activity and thus constitute a violation of the PWL.

45. The City's actions constitute a violation of the PWL, and Plaintiff was harmed in the fashion detailed above. She is entitled to redress under the PWL.

**WHEREFORE**, upon entering judgment in favor of Plaintiff and against Moran (in his individual capacity) on the First Cause of Action, against the City on the Second, Third and Fourth Causes of Action, Plaintiff prays that this Court enter an additional order providing as follows:

A. Moran and the City are to be permanently enjoined from discriminating and/or retaliating against Plaintiff on any basis proscribed by the Fourteenth Amendment, Title VII, the PWL and other applicable federal and state laws;

B. Moran and the City are to promulgate and/or adhere to a policy prohibiting Fourteenth Amendment, Title VII and PWL violations, and are to ensure this policy is enforced;

C. Moran and the City are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for their illegal actions, including but not limited to back pay, front pay, interest, salary, pay increases, bonuses, insurance, benefits, training, promotions, lost

Received County of Berks Prothonotary's Office on 11/10/2021 3:18 PM Prothonotary Docket No. 21-13011

Received County of Berks Prothonotary's Office on 11/10/2021 3:18 PM Prothonotary Docket No. 21-13011

401K or retirement benefits, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date her employment was terminated until the date of verdict, and Moran and the City should be ordered to provide an accounting of all benefits lost by Plaintiff to ensure Plaintiff is made whole if deemed appropriate by the Court;

D. Plaintiff is to be awarded compensatory damages for the pain, suffering, and humiliation caused by actions of Moran and the City;

E. Moran is to pay punitive damages to Plaintiff as permitted by Section 1983, in an amount believed by the trier of fact to be appropriate to punish him for his willful, deliberate, malicious, reckless and outrageous conduct, and to deter him and other officials who act individually under the color of state law from engaging in such misconduct in the future;

F. Moran is to pay a civil fine of $500 for violating the PWL under the color of an employer's authority, pursuant to 43 P.S. § 1426.

G. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law;

H. This Court should grant any and all other such legal, injunctive and/or equitable relief as it deems necessary, just and appropriate;

I. This Court should maintain jurisdiction over the instant action to ensure full compliance with its Orders therein until such time it is satisfied that its Orders and

Received County of Berks Prothonotary's Office on 11/10/2021 3:18 PM Prothonotary Docket No. 21-13011

dictates have been complied with in full by Defendants.

**REQUEST FOR JURY TRIAL**

Plaintiff hereby makes her request for a jury trial for all claims raised in this action.

        Respectfully submitted,

        **WEINSTEIN LAW FIRM, LLC**

By: /s/ Marc E. Weinstein
     Marc E. Weinstein, Esquire
     500 Office Center Drive, Suite 400
     Fort Washington, PA 19034
     267.513.1942 ofc;  215.353.3614 cell
     marc@meweinsteinlaw.com
     Counsel to Plaintiff

Dated:       November 10, 2021

## CERTIFICATE OF SERVICE

I, Marc E. Weinstein, hereby certify that I have filed this document through the Court's e-file system and that the system will notify all counsel of the filing and then counsel will be able to access the filing online.

/s/ Marc E. Weinstein
Marc E. Weinstein, Esq.

Dated:   November __, 2021

## VERIFICATION

The undersigned verifies that the facts set forth in Plaintiff's Civil Action Complaint are true and correct to the best of her knowledge, information and belief. The undersigned understands that this Verification is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

A. Elizabeth Kraft

Dated:   November 10, 2021

Received County of Berks Prothonotary's Office on 11/10/2021 3:18 PM Prothonotary Docket No. 21-13011