IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A. ELIZABETH KRAFT, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 21-5430 |
| | : | |
| v. | : | |
| | : | |
| CITY OF READING and MAYOR EDDIE MORAN, in his individual capacity only, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 6th day of January, 2023, after considering the motion for summary judgment and accompanying materials filed by the defendants (Doc. No. 42), the response in opposition to the motion and accompanying materials filed by the plaintiff (Doc. Nos. 49, 50, 51), the defendants' reply memorandum and response to the plaintiff's statement of facts (Doc. Nos. 52, 53), the plaintiff's surreply (Doc. No. 56), and the arguments of counsel presented during oral argument on December 19, 2022, it is hereby **ORDERED** that the motion for summary judgment (Doc. No. 42) is **DENIED**.[1]

BY THE COURT:

*/s/Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] A district court "shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter,* 476 F.3d 180, 184 (3d Cir. 2007). "The court may not . . . weigh the evidence or make credibility determinations." *Doe v. Luzerne Cnty.*, 660 F.3d 169, 175 (3d Cir. 2011) (internal quotation marks and citation omitted). The summary judgment standard is applied "with added rigor in employment discrimination cases, where

---

intent and credibility are crucial issues." *Dellapenna v. Tredyffrin/Easttown Sch. Dist.*, 449 F. App'x 209, 212 (3d Cir. 2011) (internal quotation marks and citation omitted).

      After reviewing the record in accordance with the standard of review enunciated above, there is, at a minimum, a genuine issue of material fact with respect to the plaintiff's ability to satisfy her ultimate burden of persuasion through the use of direct evidence that warrants submission of this matter to a jury on all counts. *See Scanlon v. Jeanes Hosp.*, 319 F. App'x 151, 153 (3d Cir. 2009) (stating that "[a] plaintiff may prevail on an ADEA claim . . . by presenting direct evidence of discrimination" (internal quotation marks and citation omitted)); *Paquin v. Fed. Nat'l Mortg. Ass'n*, 119 F.3d 23, 26 n.1 (D.C. Cir. 1997) (interpreting ADEA and DCHRA in congruent manner). Further, there is a genuine issue of material fact as to whether the proffered reason for the plaintiff's termination is merely a pretext for discrimination. *See Spangle v. Valley Forge Sewer Auth.*, 839 F.2d 171, 173 (3d Cir. 1988).